**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10016 |
| Plaintiff-Appellee, | D.C. No. 4:08-cr-00212-DCB-BPV-1 |
| v. | |
| RICHARD G. RENZI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10019 |
| Plaintiff-Appellee, | D.C. No. 4:08-cr-00212-DCB-BPV-2 |
| v. | |
| JAMES W. SANDLIN, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 16, 2017
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, GOULD, and CALLAHAN, Circuit Judges.

Former Arizona Congressman Richard Renzi and his co-defendant James Sandlin (often referred to collectively as Renzi as their interests in these appeals do not diverge) were convicted by a jury on charges of conspiracy, honest-services fraud, extortion, money laundering, making false statements to insurance regulators, and racketeering. We affirmed their convictions. *United States v. Renzi*, 769 F.3d 731 (9th Cir. 2014), *cert.* denied, 135 S. Ct. 2889 (2015). Thereafter, Renzi filed a motion for a new trial, alleging that the Government withheld material evidence and knowingly made false statements at trial in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959). The District Court found that certain materials favorable to Renzi had been suppressed, but denied the motion, concluding that evidence allegedly demonstrating that Philip Aries, a critical witness against Renzi, had a financial incentive did not undermine the court's confidence in the jury verdict. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** We review de novo the denial of a motion for a new trial based on a *Brady* claim. *United States v. Mazzarella*, 784 F.3d 532, 537 (9th Cir. 2015). Assuming certain materials favorable to Renzi were suppressed, Renzi is entitled to

relief only if he shows that the "new evidence is sufficient to undermine confidence in the verdict." *Wearry v. Cain*, 136 S. Ct. 1002, 1006 (2016) (per curiam) (internal quotation marks omitted).

The Government failed to disclose: (1) an FBI agent's notes from the initial meeting with Aries which indicated that Joanne Keene, Renzi's District Director, and not Renzi, first mentioned the Sandlin property; (2) that FBI Agent Odom told Aries in November 2006, when Aries hesitated in calling Renzi, that making such a call was the type of thing for which he might be rewarded; and (3) that Aries was given standard Admonishment forms that advised that if he was compensated, the compensation would be taxable.

The district court was properly critical of the Government's failure to disclose these matters prior to trial, but they do not go to the core of the jury's verdict. At trial, Aries admitted on cross examination that he had initially incorrectly testified that Renzi, not Keene, had first introduced the Sandlin property. However, Aries reasonably considered that Keene, Renzi's District Director, spoke for Renzi. Before the jury retired to deliberate, it was established that Keene, not Renzi, had first introduced the Sandlin property.

Agent Odom told Renzi only that making the phone call was the type of act that might be rewarded. No amount was ever mentioned and no assurance of

3

payment was ever made. Furthermore, the standard Admonishment forms stated only that any payment would be taxable; the forms did not indicate that Aries would be paid. It appears that in 2005, Aries was a relatively wealthy person. He testified that he was not motivated by any possible payment by the Government. In addition, during the trial, when questioned by Renzi's counsel, Aries stated that he had a grudge against Renzi because the Sandlin deal had harmed him financially and damaged his professional reputation.

In addition, the identity of the first person who mentioned the Sandlin property was not a critical element of the trial. Rather, the linchpin for the public corruption charges was whether Renzi had offered Aries a "free pass." On this issue Aries' testimony never wavered, and it was supported by other witnesses.

In sum, Renzi has not shown that the new evidence is sufficient to "undermine confidence" in the verdict. *Wearry*, 136 S. Ct. at 1006.

**2.** The denial of a new trial based on an asserted *Napue* violation is reviewed de novo. *United States v. Rodriguez*, 766 F.3d 970, 980 (9th Cir. 2014). We have held that pursuant to *Napue*, 360 U.S. 264, a defendant is entitled to relief when there is false testimony that the prosecutor knows is false and the false testimony is material. *Soto v. Ryan*, 760 F.3d 947, 957–58 (9th Cir. 2014); *Sivak v. Hardison*, 658 F.3d 898, 909 (9th Cir. 2011). Renzi asserts that the prosecutor

4

knowingly misled the jury about Aries' financial motive by telling the jury that he had not received "one thin dime" and by eliciting Aries' testimony to that effect. Renzi also argues that the prosecutor knowingly sponsored false testimony about the substance of Aries' meeting with Renzi. Neither argument is persuasive.

We rejected Renzi's second argument in our prior opinion.[1] *Renzi*, 769 F.3d at 752. Renzi has offered no new facts or legal arguments that change our mind. Further, the prosecutor's comment that Aries had not received "one thin dime" was true. Aries had not received any payment, and apparently has still not received any payment. Accordingly, Renzi's *Napue* claim fails because the statement was not

---

[1]    We ruled:

> Renzi has failed to prove the third prong of *Napue* because there is not a "reasonable likelihood" that Aries' or Keene's statements affected the jury's judgment. *See Houston*, 648 F.3d at 814. First, defense counsel effectively attacked the credibility of Aries and Keene on cross-examination. *Id.* (finding no reasonable likelihood that false testimony affected the jury where "[d]efense counsel effectively attacked [the witness's] credibility"). Second, whether or not Sandlin spoke to Aries on April 14 or April 15 was of marginal relevance when compared to Renzi's promises (a "free pass" through the Natural Resources Committee) at the April 15 meeting. The primary dispute at trial was not whether Renzi pushed Sandlin's tract on Aries, but *why*. The jury could reasonably conclude that Renzi, not Aries, pushed the tract at the meeting, even though Aries had heard about the tract from Sandlin the day prior. Because the statements were not "material," we conclude that no *Napue* violation occurred.

*Renzi*, 769 F.3d at 752.

actually false, a prerequisite for relief under *Napue*. *See Soto*, 760 F.3d at 957–58; *Sivak*, 658 F.3d at 909. However, even if accurate testimony could be delivered in such a misleading manner as to give rise to a *Napue* violation, *see Towery v. Schriro*, 641 F.3d 300, 309 (9th Cir. 2010), this is not such a case. Despite Renzi's assertions in his motion for a new trial, there is nothing to suggest that the prosecutor knowingly sought to create a false impression, or that the impression that Aries might be paid was material to the prosecution.

The district court's denials of the motions for new trials by Renzi and Sandlin are **AFFIRMED**.

6